UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

IN RE: VARIOUS STRIKE 3 HOLDINGS, LLC
COPYRIGHT INFRINGEMENT CASES

**MEMORANDUM AND ORDER**
17 CV 6717 (WFK) (CLP)
18 CV 425 (CBA) (CLP)
18 CV 435 (NG) (CLP)
18 CV 1144 (NGG) (CLP)
18 CV 1149 (WFK) (CLP)
18 CV 1183 (NGG) (CLP)
18 CV 2130 (ARR) (CLP)
18 CV 3213 (WFK) (CLP)
18 CV 3743 (ENV) (CLP)
18 CV 3762 (NG) (CLP)
18 CV 3783 (ENV) (CLP)

----------------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

Plaintiff Strike 3 Holdings, LLC commenced these copyright infringement actions against various John Doe defendants, presently only known by their Internet Protocol ("IP") addresses. Before the Court in each case is an *ex parte* motion seeking leave to serve a third party subpoena prior to holding a Rule 26(f) conference. Specifically, plaintiff seeks permission to serve Rule 45 subpoenas on non-party Internet Service Providers ("ISPs"), which are alleged to have assigned IP addresses to each of the defendants, so that plaintiff may ascertain the identity of each defendant.

Since the allegations in these cases are virtually identical, the Court uses a common set of facts in reaching its decision on these pending motions. See, e.g., In re Strike 3 Holdings, LLC Adult Film Copyright Infringement Cases, No. 17 CV 5606 etc., 2018 WL 1710172, at *1 & n.1 (E.D.N.Y. Apr. 9, 2018). For the reasons set forth below, the motions to serve limited discovery requests to non-party ISPs prior to a Rule 26(f) conference are granted, subject to the conditions set forth in this Memorandum and Order.

1

DISCUSSION

**A. Standard for Discovery Prior to Rule 26(f) Conference**

Under Federal Rule of Civil Procedure 26(d)(1), a party is generally precluded from seeking discovery from any source prior to a Rule 26(f) conference. However, the Federal Rules provide that a party may engage in discovery before the Rule 26(f) conference if authorized by a court order. Fed. R. Civ. P. 26(d)(1). When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts generally apply a "flexible standard of reasonableness and good cause." Digital Sin, Inc. v. John Does 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting Ayyash v. Bank AL-Madina, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)); accord, e.g., Strike 3 Holdings, LLC v. Doe, No. 18 CV 681, 2018 WL 2926305, at *2 (D. Conn. June 7, 2018); Strike 3 Holdings, LLC v. Doe, No. 18 CV 2651, 2018 WL 2229124, at *2 (S.D.N.Y. Apr. 25, 2018); Strike 3 Holdings, LLC v. Doe, No. 17 CV 9654, 2018 WL 1737217, at *1 (S.D.N.Y. Mar. 12, 2018).

The Second Circuit has identified the "principal factors" for district courts to consider when determining whether to allow a party to issue a subpoena under Federal Rule of Civil Procedure 45 prior to holding a Rule 26(f) conference, including: (1) the plaintiff's ability to make out a *prima facie* showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the defendant's expectation of privacy. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) (quoting Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)).

B. Analysis

1. <u>Request to Serve Subpoena Directed to ISPs</u>

The Court considers each of the <u>Arista Records</u> factors in turn. First, to make out a *prima facie* case of copyright infringement, a party must show "(1) ownership of a valid copyright in the item and (2) unauthorized copying." <u>International Swaps & Derivatives Ass'n, Inc. v. Socratek, LLC.</u>, 712 F. Supp. 2d 96, 102 (S.D.N.Y. 2010) (citing <u>Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.</u>, 338 F.3d 127, 131 (2d Cir. 2003)).

Here, plaintiff alleges in each of its Complaints that it is the registered copyright owner of exclusive rights over the copyrighted works at issue, which in each case are various adult motion pictures. (Compl. ¶ 31).[1] Plaintiff alleges that the John Doe defendants employed a peer-to-peer file sharing system known as BitTorrent to "illegally download and distribute" copies of plaintiff's copyrighted motion pictures. (<u>See</u> Compl. ¶¶ 4, 19, 23).[2] Plaintiff has attached the Copyright Office registration information for each work with a copyright that was allegedly infringed upon, including the registration number. (<u>Id.</u> ¶¶ 24, 25, Ex. A). For the works pending registration with the Copyright Office, plaintiff has included the application number in the table. (<u>Id.</u>) Plaintiff alleges that in each case, defendants' IP addresses were traced to a physical address within the Eastern District of New York. (<u>Id.</u> ¶ 10).

Considering all these facts, the Court finds that plaintiff has set forth sufficiently detailed allegations as to the nature and extent of the infringing activities to make out a *prima facie* claim

---

[1] While the captioned cases share a common set of facts, the Court sets forth the factual pattern from the filings in <u>Strike 3 Holdings, LLC v. Doe</u>, No. 17 CV 6717.

[2] Indeed, several of the Complaints in the above-captioned cases allege that the defendant has been observed infringing multiple movies over an extended period of time. <u>See, e.g.</u>, No. 18 CV 425, Compl. ¶ 4 (defendant has been observed "infringing 35 movies over an extended period of time"); No. 18 CV 1183, Compl. ¶ 4 (117 movies); No. 18 CV 1144, Compl. ¶ 4 (57 movies); No. 18 CV 1149, Compl. ¶ 4 (41 movies).

for copyright infringement.  See Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, No. 16 CV 02462, 2016 WL 2894919, at *2 (S.D.N.Y. May 16, 2016) (holding that plaintiff stated a *prima facie* claim of copyright infringement where the complaint "plainly set[] out the copyrighted works at issue and provide[d] comprehensive allegations regarding the manner by which the Defendant copied the various works, including the date and time of the infringement and the [Internet Protocol] address and technology used to effect the copying");  see also K Beech, Inc. v. Does 1-29, No. 11 CV 3331, 2011 WL 4401933, at *2 (E.D.N.Y. Sept. 19, 2011) (holding that plaintiff has not made a concrete showing of a *prima facie* claim of copyright infringement where registration for work at issue was only pending).

The Court has reviewed the allegations in the Complaints in the above-captioned matters, and has determined that plaintiff has made showings sufficient, at this point, to enable it to seek the identity of the defendants in each case.  The Court makes no determination, at this point, of whether plaintiff has actually stated valid, plausible causes of action.  Instead, the Court places great weight on the fact that, "without granting [p]laintiff's request, the defendant[s] cannot be identified or served and the litigation cannot proceed.  Additionally, expedited discovery is necessary to prevent the requested data from being lost forever as part of routine deletions[.]" Digital Sin, Inc. v. Does 1-176, 279 F.R.D. at 242.  The Court agrees with plaintiff that there are no alternative means by which plaintiff can identify the defendant absent the subpoenas at issue in the above-captioned cases.

As to the specificity of the discovery requests, plaintiff seeks to serve Rule 45 subpoenas directed to the ISP used by each defendant during the alleged period of infringing activity. Plaintiff states that it seeks a subpoena to obtain the true name and address of the subscriber associated with the IP address alleged to have conducted the allegedly infringing activity in question.  (See Compl., Ex. A).  The Court finds this information to be "highly specific in

4

nature" and not more information than necessary to identify and serve the defendants. See Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, 2016 WL 2894919, at *4 (holding that a subpoena seeking the name, current and permanent address, and e-mail address of each Doe defendant was not more information than necessary to serve the defendant).

The third factor also weighs in favor of the plaintiff. Courts have found that due to the anonymous nature of the BitTorrent system of reproducing and transferring copyrighted files, it is unlikely that a plaintiff would be able to determine the identity of a BitTorrent user "without cross-referencing the date and time of the alleged infringement with information on the ISP's subscriber logs." Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, 2016 WL 2894919 at *3.

Moreover, without the ability to subpoena the internet service provider, plaintiff will be unable to serve each defendant, which would effectively terminate each action without an adjudication on the merits. Courts also recognize that expedited discovery is necessary because ISPs routinely delete user information. Digital Sin, Inc. v. John Does 1-176, 279 F.R.D. 239, 242 (S.D.N.Y. 2012). Finally, although subpoenas seek private information, courts have found that "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, 2016 WL 2894919 at *3.

Having considered the Arista Records factors, which weigh in favor of permitting expedited discovery, the Court finds that plaintiff has shown good cause to permit limited third-party discovery in each of the above-captioned cases prior to a Rule 26(f) conference by serving Rule 45 subpoenas on the ISPs to obtain the identity of each Doe defendant.

2. <u>Authorizing ISPs to Disclose Subscriber Information</u>

ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 552(5), are limited in the information they may share about their subscribers. Specifically, subject to certain exceptions, "a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned[.]" 47 U.S.C. § 551(c)(1). One such exception is that a cable operator may disclose personally identifiable subscriber information where the disclosure is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]" 47 U.S.C. § 551(c)(2)(B).

To comply with the requirements of 47 U.S.C. § 551(c)(2)(B), and to facilitate the expeditious resolution of this matter on the merits, the Court specifically authorizes the ISP specifically identified in the Complaint in each above-captioned matter to release the true name and address of the subscriber associated with the IP addresses listed in each Complaint, subject to the restrictions set forth at the end of this Order. The ISP shall notify the affected subscriber of this Order by providing the affected subscriber with a copy of this Order and the relevant subpoena issued by the plaintiff. To protect the subscriber's rights to privacy, the ISP shall reveal only the subscriber's true name and address, and the plaintiff may only use the information disclosed in response to the subpoena to effectuate service in the present actions and not for any other purpose or in further litigation against the defendants or other parties, absent further order of this Court.

## CONCLUSION

For the reasons set forth above, plaintiff's requests to serve Rule 45 subpoenas prior to holding a Rule 26(f) conference are granted.

**IT IS THEREFORE ORDERED** that plaintiff Strike 3 Holdings LLC may serve a subpoena in compliance with Rule 45 of the Federal Rules of Civil Procedure on each ISP specifically identified in the Complaint in each above-caption matter to obtain <u>only</u> the name and address of the internet subscriber(s) associated with the IP address(es) also identified in each relevant Complaint.  Each subpoena shall attach a copy of the relevant Complaint and a copy of this Order;

**IT IS FURTHER ORDERED** that, upon receiving a subpoena, the ISP shall use reasonable efforts to identify the internet subscriber(s) associated with the referenced IP address(es), but **<u>shall not</u>** immediately disclose such information to plaintiff.  Instead, within sixty (60) days of receiving a subpoena, the ISP shall serve a copy thereof, together with a copy of this Order, upon the subscriber(s) whose information it determines is responsive to the subpoena.  This measure is appropriate to place the subscriber(s) on fair notice of plaintiff's efforts to obtain his or her identifying information, and his or her right to contest the subpoena or to litigate it anonymously.  Service by the ISPs upon any of the Doe defendants may be made using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class or overnight mail; and

**IT IS FURTHER ORDERED** that a Doe defendant who receives a copy of the subpoena and this Order will have a period of sixty (60) days to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.  **<u>The ISP may not disclose any Doe defendant's identifying information to plaintiff, or its employees or agents, at any time before the expiration of this 60-day period.</u>**  Additionally, if a Doe defendant or ISP files a motion to quash the subpoena, the ISP **may not** turn over any information to plaintiff, or its employees or

agents, until the issues set forth in the motion have been addressed and the Court issues an Order instructing the ISP to produce the requested information; and

**IT IS FURTHER ORDERED** that if the 60-day period within which a Doe defendant may contest or otherwise move with respect to a subpoena lapses without such action, the ISP will have a period of fourteen (14) days to produce the information responsive to the subpoena to plaintiff or to file its own motion to quash if it so chooses. In the event a Doe defendant or ISP moves to quash or modify a subpoena, or to proceed anonymously, he or she shall at the same time as his or her filing also notify the ISP so that the ISP is on notice not to release the Doe defendant's contact information to plaintiff, or its employees or agents, until the Court rules on any such motion; and

**IT IS FURTHER ORDERED** that any information disclosed to plaintiff in response to a subpoena authorized by this Order may be used by plaintiff solely for the purpose of prosecuting each of the aforementioned cases, unless the Court enters an Order authorizing further use of such information; and

**IT IS FURTHER ORDERED** that, upon receiving a subpoena, each ISP shall take reasonable steps to preserve information responsive to the subpoena until such information is produced to plaintiff or the Court finally resolves any motion related to the subpoena.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
July 11, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York